# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KOALA INSULATION FRANCHISOR, LLC, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. |
| LOTUS & THE ROOSTER HOLDINGS COMPANY and SALIM MICHEL MAKHLOUF, | : : : : | |
| Defendants. | : : : | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Koala Insulation Franchisor, LLC ("Koala"), by and through its undersigned counsel, brings the following Complaint against Defendants Lotus & The Rooster Holdings Company ("Lotus") and Salim Michel Makhlouf ("Makhlouf") for injunctive relief and damages.

## **INTRODUCTION**

This is an action for preliminary and permanent injunctive relief and damages arising from Defendants' failure to fulfill their financial obligations to Koala and Defendants' breach of their non-competition obligations. As detailed below,

Defendants refused to satisfy their financial obligations to Koala under multiple franchise agreements. Following the termination of their franchises, after notice of default and an opportunity to cure, Defendants continued to operate, using Koala's systems and methods, in a competing business in violation of the Defendants' post-termination non-competition obligations. Koala brings this action to enjoin Defendants from continuing to operate under the systems licensed by Koala and to recover the unpaid fees and other damages owed by Defendants.

## PARTIES

1.     Plaintiff Koala is a Delaware limited liability company with its principal place of business at 2426 Old Brick Road, Glen Allen, VA 23060.  As discussed below, Koala owns and licenses its trademarks and systems for the Koala insulation franchise (the "Koala System").

2.     Defendant Lotus & The Rooster Holdings Company ("Lotus") is a Pennsylvania company with its principal place of business in Pennsylvania.  Upon information and belief, its sole member is Makhlouf, who is a resident of the State of Pennsylvania. Lotus is a former franchisee of Koala, and it owned and operated five Koala franchises in central Pennsylvania.

3.     Defendant Makhlouf is a natural person who is a resident of Pennsylvania. Makhlouf was responsible for the operation of all Koala-franchised

locations relevant to this matter. Makhlouf personally guaranteed Lotus' performance of its obligations under each of the franchise agreements at issue.

## JURISDICTION

4.      This Court has subject matter jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States of America, namely the Lanham Act, 15 U.S.C. § 1125, *et seq.*

5.      This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) because those claims are joined with substantial and related claims under federal law.  This court also has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1367 because those claims are interrelated with Koala's federal claim and arise from a common nucleus of operative facts such that the adjudication of Koala's state law claims with Koala's federal claim furthers the interest of judicial economy.

6.      This Court has personal jurisdiction over Defendants because, among other reasons, they consented to jurisdiction in Pennsylvania under each of the franchise agreements.

7.      Venue is proper because pursuant to the franchise agreements, the parties agreed Pennsylvania is among the proper venues for legal disputes seeking injunctive relief, among other claims and relief sought.

## FACTUAL BACKGROUND

*Koala's Licensing of the Koala System Marks and Systems*

8.     Koala is an entity that holds the rights to license the trademarks and proprietary systems for the Koala System for providing spray foam, blown-in and insulation removal services to residential homes.

*The Defendants' Obligations Under the Koala System Franchise Agreements*

9.     The Defendants executed five franchise agreements with Koala, which permitted the Defendants to operate five franchised Koala System franchises in five territories in central Pennsylvania. (collectively, the "Franchise Agreements"). The dates of each agreement and information regarding each franchised restaurant are as follows:

- Franchise Agreement dated 03/15/2002 for the territory in and around Harrisburg, PA;

- Franchise Agreement dated 3/15/2022 for the territory in and around Elizabethtown, PA;

- Franchise Agreement dated 3/15/2022 for the territory in and around Carlisle, PA;

- Franchise Agreement dated 10/11/2023 for the territory in and around Lancaster, PA; and

- Franchise Agreement dated 10/11/2023 for the territory in and around Brickerville, PA.

10.     The Franchise Agreements contain substantially the same material provisions, with the exception of governing law.  The three Franchise Agreements executed in 2022 are governed by Florida law, while the two Franchise Agreements executed in 2023 are governed by Virginia law.  A true and correct copy of each agreement is attached hereto collectively as **Exhibit A.**[1]

11.     Pursuant to the Koala Franchise Agreements, Koala licensed to Defendants the right to use the trademarks and system of the Koala System brand. (Ex. A at § 2.1.) In exchange, Defendants were obligated to pay various fees to Koala, including royalty fees ranging from 3.5% to 6.5% of Defendants' gross revenue ("Royalty Fee"). (*Id.* at § 4.2.)

12.     Pursuant to Section 13.3 of the Koala Franchise Agreements, Koala was permitted to terminate the Koala Franchise Agreements if Defendants were in default of payment of fees and remained in default for thirty days following Koala providing notice of the default. (*Id.* at § 13.3).

13.     Upon termination of the Koala Franchise Agreements, Defendants agreed to certain post-termination obligations. (*Id.* at § 14.) Defendants agreed that they would cease operations and shall not represent itself to the public as a present

---

[1] Because the section contents in all five agreements are identical, citations to **Exhibit A** will contain the section reference applying across all five agreements.

or former franchisee of Franchisor. (*Id.* at §14.1). Defendants also agreed that they would no longer have a right to use the trademarks or system licensed by Koala. (*Id.* at § 14.2.) Defendants agreed to cease use of all material identifying characteristics of the Koala System brand. (*Id.* at § 14.2.) Defendants further agreed to pay Koala all amounts owing upon termination. (*Id.* at § 14.7.)

14.    Defendants also agreed to a covenant not to compete following the termination of the Koala Franchise Agreements. Pursuant to Section 15.3 of the Koala Franchise Agreements:

> **15.3.** Post-Term Covenants. Franchisee covenants that, except as otherwise approved in writing by Franchisor, *it shall not, for a continuous uninterrupted period of two years* from the date of: (a) a transfer permitted under **Section 12;** (b) expiration or termination of this Agreement (regardless of the cause for termination); or (c) a final order of a court of competent jurisdiction (after all appeals have been taken) with respect to any of the foregoing or with respect to the enforcement of this **Section 15.3;** either directly or indirectly (through, on behalf of, or in conjunction with any persons or entity), *own, maintain, operate, engage in, or have any interest in any Competitive Business which is, or is intended to be, located: (a) at the Approved Location; (b) within a 100 mile radius of the Territory; or (c) within a 100 mile radius of the territory of any other Franchises or company or affiliate-owned Koala Insulation* business in operation as of the time that the obligations under this **Section 15.3** commence.

(emphasis supplied).

15.    Pursuant to Section 13.6 of the Koala Franchise Agreements, the parties agreed that if the Koala Franchise Agreements were terminated based on Defendants' defaults, Koala would be entitled to recover a liquidated damages amount calculated in the manner specified in the Koala Franchise Agreements. (*Id*. at § 13.6.)

16.    Pursuant to Section 15.8 of the Koala Franchise Agreements, the parties agreed that if termination resulted from Defendants' breach of the Koala Franchise Agreements, Defendants would be responsible to pay all of Koala's legal fees and other expenses and disbursements. (*Id*. at § 15.8.)

17.    Makhlouf personally and unconditionally guaranteed the obligations set forth in the Koala Franchise Agreements. (*Id.* at Exhibit C to each franchise agreement – GUARANTEE, INDEMNIFICATION, AND ACKNOWLEDGMENT)

*Defendants' Failure to Fulfill Financial Obligations Under the Koala Franchise Agreements*

18.    Defendants have failed to meet their financial obligations under the Koala Franchise Agreements for some time. Defendants failed to pay the necessary royalties for all five locations starting in January 2025.

19.    Accordingly, on March 24, 2025, Koala sent Defendants a Notice of Default for Defendants' five Koala franchise locations, informing Defendants that they were in default under the Agreements and that the Koala Franchise Agreements would be terminated if Koala did not receive payment of the outstanding fees within thirty days. The Notice of Default also demanded that Defendants remedy their failure to provide the required weekly sales reports required by Section 4.2.1 also starting in January 2025.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit B.**

20.    Defendants failed to cure the defaults noted in the Notice of Default within thirty days.  Following that, Koala provided a Notice of Termination of all five Koala franchise agreement on May 1, 2025.  A true and correct copy of the Notice of Termination is attached hereto as **Exhibit C.**

21.    The Notice of Termination references the post-termination obligations agreed to by Defendants in the Koala Franchise Agreements. (*See* Ex. C.)

22.    Defendants did not respond to the Notice of Termination or pay the outstanding fees.

23.    Defendants also have not complied with their post-termination obligations, including the obligation to cease use of the licensed trademarks and system, and cease use of materials identifying association with the Koala System

brand.  Instead, they continue to operate competing business, under the trade name "Cozy Penguin Insulation Company," in violation of Defendants' post-termination obligations and in violation of multiple provisions of the Koala Franchise Agreements.

24.     Through May 1, 2025, Defendants owe Koala $180,850.32 in liquidated damages and $27,990.91 in unpaid royalties under the five Koala Franchise Agreements.  These amounts, which presently total $208,841.23, do not include legal fees incurred to date, applicable interest and additional damages from violations of Defendants non-competition obligations.

25.     Following termination, the Defendants chose to violate their non-competition obligations by re-branding their Koala franchise businesses as "Cozy Penguin Insulation Company" while continuing to utilize the Koala systems for their competing businesses.

26.     Among other items, Defendants appear to have re-named the existing Google business profile for the Koala franchise locations as the "The Cozy Penguin Insulation Company."  This action results in the Koala names and customer reviews for Koala customers being present and used to support and advertise for services for the "Cozy Penguin" in violation of the Defendants' post termination obligations.

27.    Upon information and belief, Defendants are offering identical services under the Cozy Penguin business name that they provided as Koala franchisees, including the use of custom-made equipment provided to Koala franchisees that utilize Koala's unique systems and methods.

28.    Defendants have also continued to use the CRM system used while Koala franchisees for their operations as Cozy Penguin, demonstrating that Defendants continued to use Koala's systems and methods for bidding work and operating their business, in violation of their non-competition obligations.

### COUNT I – BREACH OF PRE-TERMINATION OBLIGATIONS UNDER THE KOALA FRANCHISE AGREEMENTS (Against All Defendants)

29.    Koala realleges and restates the allegations contained in paragraphs 1-28 as though fully set forth herein.

30.    Lotus is a party to the Koala Franchise Agreements with Koala.

31.    Koala has performed all of its obligations under the Koala Franchise Agreements.

32.    Under the terms of the Koala Franchise Agreements, Lotus agreed to pay Royalty Fees and additional charges such as late fees.

33.    Makhlouf personally guaranteed the obligations set forth in the Koala Franchise Agreements, including the payment of required fees.

34.    Defendants have breached the terms of the Koala Franchise Agreements by failing to pay Royalty Fees and late fees.

35.    As a direct and proximate result of Defendants' breaches, Koala has suffered and is continuing to suffer damages, in an amount to be proven at trial, as well as the attorneys' fees and costs incurred in enforcing the post-termination obligations.

### COUNT II – BREACH OF POST-TERMINATION OBLIGATIONS UNDER KOALA FRANCHISE AGREEMENTS (Against All Defendants)

36.    Koala realleges and restates the allegations contained in paragraphs 1-35 as though fully set forth herein.

37.    The Koala Franchise Agreements were properly terminated for cause by Koala. Upon termination of the Koala Franchise Agreements, Defendants agreed, among other things, that (1) they would no longer have a right to use the trademarks or system licensed by Koala, (2) they would cease use of all material identifying characteristics of the Koala System brand, and (3) they would not operate a business in competition with Koala's licensed Koala System.

38.    Despite the termination, Defendants continue to use the trademarks and system licensed by Koala, they continue to use material identifying

characteristics of the Koala System brand, and they continue to operate their formerly licensed businesses in violation of their non-compete obligations.

39.    Koala is suffering monetary damages from these violations. In addition, Koala is suffering and will continue to suffer irreparable harm to its reputation, customer goodwill, and value to its overall franchise system based on Defendants' actions.

40.    The balance of equities supports a preliminary and permanent injunction against Defendants, based on the irreparable harm suffered by Koala.

41.    The public interest favors a preliminary and permanent injunction against Defendants, as they are blatantly ignoring the contractual obligations to which they agreed to.

42.    Based on Defendants' actions, Koala has been damaged in a way that is not fully compensable through monetary damages and thus requires a preliminary and permanent injunction against Defendants to prevent them from continuing to disregard their contractual obligations.

43.    Defendants have also breached the post-termination provisions of the Koala Franchise Agreements by failing to pay additional amounts due upon premature termination. This has caused Koala to suffer additional monetary damages.

44.     Koala also is entitled to an award of its attorneys' fees and costs pursuant to the terms of the Koala Franchise Agreements.

## COUNT III – FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125, *et seq.* (Against All Defendants)

45.     Koala realleges and restates the allegations contained in paragraphs 1-44 as though fully set forth herein.

46.     Koala is the owner of several registered federal trademarks, including but not limited to, valid federal registrations nos. 6006546 (March 10, 2020); 6007883 (March 10, 2020); 6173027 (October 13, 2020); and 6079379 (March 31, 2020).    *See* Ex. A at EXHIBIT A TO FRANCHISE AGREEMENT – TRADEMARKS.

47.     Defendants' limited right to utilize Koala's intellectual property, including its trademarks, was for the duration and on the conditions provided in the Koala Franchise Agreements.

48.     Upon termination of the Koala Franchise Agreements, any and all rights of Defendants to use Koala's trademarks ceased, and Koala was under an affirmative obligation to cease any and all use of Koala's trademarks.

49.     Rather than abide by these requirements, Defendants have engaged, and continue to engage in, passing off its own insulation services and business practices

as if they were related to and authorized under Koala's trademarks and intellectual property.

50.    Defendants have engaged in, and continue to engage in, passing off their insulation as those of the Koala franchise system.  These actions include, but are not limited to, using a Google business profile listing references to Koala and its services within the profile contents and comments from prior customers of Defendants as a Koala franchise location, using a LinkedIn profile listing links and references to Koala services and using the Koala name and trademarks; and maintaining a link to a YouTube link on its Google profile which links customers and potential customers to the Koala Insulation YouTube channel.

51.    This passing off by Defendants constitutes a false designation of origin pursuant to 43(a)(1)(A) of the Lanham Act, because by utilizing Koala's name, trademarks and intellectual property, Defendants are confusing insulation customers and potential insulation customers in central Pennsylvania (and elsewhere) as to whether the services provided by Cozy Penguin are associated with Koala's trademarks and/or Koala's franchise system and business methods.

52.    Defendants' actions described above constitute false representations that the services offered by Cozy Penguin are affiliated with or come from Koala, its franchise system or its business methods.

14

53.     Defendants' actions described above causes confusion with respect to the origin and the nature of the services provided by Cozy Penguin among existing customers and potential future customers in central Pennsylvania and otherwise.

54.     Koala has been, and continues to be, harmed by Defendants' false designation of origin with respect to the actions described above.

55.     Koala has been, and continues to be, further harmed because neither Koala nor any of its valid franchisees has any involvement in any services provided by Cozy Penguin and Koala has no control over the quality thereof, placing its trademarks, intellectual property and good name at risk to the marketplace of customers and potential customers in central Pennsylvania and otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Koala Insulating Franchisor, LLC respectfully requests that this Court enter judgment in its favor and against Defendants Lotus & The Rooster Holdings Company and Salim Michel Makhlouf, jointly and severally, as follows:

A.      Enter an order requiring Defendants immediately to comply with all post-termination obligations as set forth in the Koala Franchise Agreements;

B.      Enter an order preliminarily and permanently enjoining Defendants from continuing to operate the franchises and requiring Defendants to cease use of the Koala System and Koala's trademarks and intellectual property;

C.      Enter judgment in favor of Koala and against Defendants, jointly and severally, for all amounts owed by Defendants pursuant to the Koala Franchise Agreements, including all pre-termination and post-termination amounts;

D.      Enter judgment in favor of Koala and against Defendants, jointly and severally, for damages caused by their violations of the post-termination covenants contained in the Koala Franchise Agreements;

E.      Enter judgment in favor of Koala and against Defendants, jointly and severally, for damages caused by their violation of the Lanham Act, 15 U.S.C. § 1125, *et seq.*

F.      Awarding pre- and post-judgment interest on all of the foregoing amounts;

G.      Awarding Koala its attorneys' fees and costs in accordance with the Koala Franchise Agreements; and

H.      Awarding Koala such other relief as this Court may deem just and proper.

16

Date: June 4, 2025                    BARLEY SNYDER LLP

*Justin Tomevi*
_____
Lindsey M. Cook, Esquire (#323326)
lcook@barley.com
Justin A. Tomevi, Esquire (#313661)
jtomevi@barley.com
100 East Market Street
York, PA 17401
Telephone: (717) 846-8888
Facsimile: (717) 843-8492

*Counsel for Plaintiff Koala Insulation*
*Franchisor, LLC*