## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KOALA INSULATION        :    CIVIL ACTION NO. 1:25-CV-1008
FRANCHISOR, LLC,       :
                              :    (Judge Neary)
        Plaintiff,        :
                              :
     v.                     :
                              :
LOTUS & THE ROOSTER     :
HOLDINGS COMPANY and SALIM   :
MICHEL MAKHLOUF,       :
                              :
        Defendants.      :

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Defendants Salim Michel Makhlouf ("Salim") and Lotus & the Rooster Holdings Company (together with Salim, "Defendants") respectfully submit this Response in Opposition to Plaintiff Koala Insulation Franchisor, LLC's ("Koala") Emergency Motion for Preliminary Injunction (Dkt. 2), incorporating the Brief filed concurrently by reference and averring as follows:

1.      Admitted in part; denied in part. It is admitted that Koala is a franchisor that licenses its trademarks and that this case involves five franchise agreements (collectively, the "Agreements"). It is denied that Koala licenses proprietary systems to its franchisees. By way of example, Koala makes much of its allegation that Defendants use a customer relationship management (or CRM) system called Housecall Pro, which Koala also uses. (Dkt. 4 at 7.) Housecall Pro, however, is not

a proprietary *Koala* system; it is a publicly available software that Koala and Defendants both happen to use—along with more than 200,000 home improvement professionals. *See Housecall Pro*, www.housecallpro.com (last visited June 29, 2025) ("Trusted by 200K+ Pros."). The remaining allegations in Paragraph 1 are legal conclusions to which no response is required.

2.      Admitted in part; denied in part. It is admitted that Koala entered into five franchise agreements with Defendants, *i.e.*, the Agreements. The Agreements speak for themselves, and Koala's characterizations thereof are denied.

3.      Denied. The allegations in Paragraph 3 are legal conclusions to which no response is required.

4.      Denied. The allegations in Paragraph 4 are legal conclusions to which no response is required. The remaining allegations reference written documents that speak for themselves, and Koala's characterizations thereof are denied.

5.      Denied. The allegations in Paragraph 5 are legal conclusions to which no response is required. The remaining allegations reference written documents that speak for themselves, and Koala's characterizations thereof are denied.

6.      Denied. The allegations in Paragraph 6 are legal conclusions to which no response is required. The remaining allegations reference written documents that speak for themselves, and Koala's characterizations thereof are denied. By way of further response, Koala claims all five Agreements "contain substantially the same

material provisions, with the exception of governing law," (Dkt. 1 ¶10), but that representation is incorrect in at least one key respect.  Although the 2022 and 2023 agreements are both limited to two years, their geographical limits are significantly different.

7.    Admitted in part; denied in part.  It is admitted that Salim signed a Guarantee, Indemnification, and Acknowledgement in connection with each franchise agreement.  The remaining allegations reference written documents that speak for themselves, and Koala's characterizations thereof are denied.

8.    Admitted in part; denied in part.  It is admitted that Defendants did not remit the requested payment to Koala.  The allegations in Paragraph 8 are legal conclusions to which no response is required.  The remaining allegations reference written documents that speak for themselves, and Koala's characterizations thereof are denied.

9.    Admitted in part; denied in part.  It is admitted that Defendants renamed their prior Koala franchise "The Cozy Penguin Insulation Company."  It is also admitted that The Cozy Penguin's registered address is the same as that of Defendants' former Koala business.  The allegations in Paragraph 9 are legal conclusions to which no response is required.  Defendants deny the remaining allegations.  By way of further response, The Cozy Penguin, like the former Koala franchise, is a remote business, operating online from Salim's home.  (Makhlouf

3

Decl. ¶58.)  Further to the point, Defendants are not using any Koala-branded assets (all vehicles and equipment have been fully rebranded); new websites and social media accounts have been launched under The Cozy Penguin name; and all customer touchpoints and advertising reflect the new identity, *i.e.*, Koala branding has been completely retired.  (Makhlouf Decl. ¶¶47–53.)

10.    Denied.  The allegations in Paragraph 10 are legal conclusions to which no response is required.

11.    Denied.  The allegations in Paragraph 11 reference a written document that speaks for itself, and Koala's characterizations thereof are denied.

12.    Denied.  The allegations in Paragraph 12 are legal conclusions to which no response is required.  The remaining allegations reference written documents that speak for themselves, and Koala's characterizations thereof are denied.

13.    Denied.  The allegations in Paragraph 13 are legal conclusions to which no response is required.  By way of further response, the Agreements are not enforceable because Koala fraudulently induced Defendants to enter into them based on a series of misrepresentations.

14.    Denied.  The allegations in Paragraph 14 are legal conclusions to which no response is required.  By way of further response, the Agreements are not enforceable because Koala fraudulently induced Defendants to enter into the Agreements based on a series of misrepresentations.

4

15.    Denied.  The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent they are deemed factual averments, the allegations are denied.  By way of further response, on May 1, 2025, Koala terminated the Agreements. (Makhlouf Decl. ¶46.)  Defendants immediately ceased use of Koala's trademarks, rebranded the business as "The Cozy Penguin Insulation Company," and took all reasonable steps to remove Koala branding from vehicles, marketing materials, and online platforms.  (*Id.* ¶47.)   Defendants have refrained from deleting or asking third parties to delete residual references to "Koala" on The Cozy Penguin's website or other internet platforms based on his counsel's instructions regarding the duty to preserve evidence.  (*Id.* ¶48.)   Defendants no longer have access to, and do not use, any of Koala Insulation's proprietary systems, methods, or confidential information in The Cozy Penguin's operations or otherwise. (*Id.* ¶49.)    The business is operated independently using Salim's own experience and tools he acquired separately.  (*Id.* ¶50.)   Defendants do not use any Koala-branded assets, new websites and social media accounts have been launched under The Cozy Penguin name, and all customer touchpoints and advertising reflect the new identity. (*Id.* ¶51.)  Nor do Defendants use any Koala "Marks" or "Systems" in their business.  (Makhlouf Decl. ¶52.)    In other words, Koala branding has been completely retired.  (*Id.* ¶53.)  Salim does not hold himself or his company out to the public as a current or former franchisee or affiliate of Koala.  (*Id.* ¶54.)

16.     Denied.  The allegations in Paragraph 16 reference a written document that speaks for itself, and Koala's characterizations thereof are denied.  By way of further response, assuming *arguendo* the Court finds the Agreements to be enforceable, their noncompetition clauses are not.  Both sets of Agreements purport to prohibit Salim from engaging in any business offering insulation evaluation, installation, or removal services for an overlong period of time and in unreasonably expansive and indeterminate geographic areas.  These provisions are unenforceable under their governing law.  Also, Koala claims all five Agreements "contain substantially the same material provisions, with the exception of governing law," (Dkt. 1 ¶10), but that representation is incorrect in at least one key respect.  Although the 2022 and 2023 agreements are both limited to two years, their geographical limits are significantly different.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny the same.  The remaining allegations are legal conclusions to which no response is required.

18.     Denied.  The allegations in Paragraph 18 are legal conclusions to which no response is required.

19.     Denied.  The allegations in Paragraph 19 are legal conclusions to which no response is required.

20.    Denied.  The allegations in Paragraph 20 are legal conclusions to which no response is required.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny the same.  The remaining allegations are legal conclusions to which no response is required.

22.    Denied.  The allegations in Paragraph 22 are legal conclusions to which no response is required.  By way of further response, Koala's breach-of-contract claim is compensable by monetary damages—a point exemplified by the fact that Koala's conclusory allegation of irreparable harm is secondary to its allegation that it "is suffering monetary damages from" the alleged violations of the Agreements. (Compl. ¶ 39.)  What is more, Koala acknowledges that the Agreements contain liquidated damages clauses, entitling Koala to damages calculated by a predetermined formula if the Agreements were properly terminated based on a qualifying default.  (*Id.* ¶ 15.)

23.    Denied.  The allegations in Paragraph 23 are legal conclusions to which no response is required.  To the extent they are deemed factual averments, the allegations are denied.  Koala inflicted injury upon Defendants by misrepresenting the viability of the franchise and a semi-absentee model to Salim, by refusing to work with Salim when those misrepresentations manifested in the franchises being

a perpetually losing proposition, and by terminating the Agreements and retaliating against Salim with this lawsuit when he attempted to invoke his contractual right to arbitration. By way of further response, The Cozy Penguin has two employees and a subcontractor currently contracted for work worth approximately $20,000. (Makhlouf Decl. ¶61.)  The requested injunction would mean that these employees would be out of work and without income overnight and the subcontractor would lose the value of the contract.  (*Id.* ¶62.)  The Cozy Penguin has pending insulation contracts, for a total value of $339,646.  (*Id.* ¶63.)  The requested injunction would mean that these customers would not see the work they commissioned completed. (*Id.* ¶65.)   The Cozy Penguin reasonably anticipates being able to secure an additional $1,500,000 in insultation contracts over the next two years.  (*Id.* ¶64.) Residential insulation is typically installed once every 15 to 20 years, meaning the customers that Salim serviced under the Koala brand are not repeatable to The Cozy Penguin, or any other insulation company, in the near term.  (*Id.* ¶67.)  Put simply, the requested injunction would cause irreparable harm to Salim, his employees, and his customers.  (Makhlouf Decl. ¶68.)  It would not only mean that Salim's employees would be placed out of work and Salim's customers would be denied the insulation services they have commissioned or need, but that Salim too would be placed out of work and lose his sole remaining source of income.  (*Id.* ¶69.)

24.     Denied.  The allegations in Paragraph 24 are legal conclusions to which

no response is required.

      25.    Denied.  The allegations in Paragraph 25 are legal conclusions to which no response is required.  Defendants deny the remaining allegations.

      WHEREFORE, Defendants respectfully request that this Court deny the Motion.

Dated:  July 1, 2025             Respectfully submitted,

                              BABST CALLAND, CLEMENTS & ZOMNIR P.C.

                              */s/ Casey Alan Coyle*
                              Casey Alan Coyle, Esquire
                              PA ID No. 307712
                              Stefanie Pitcavage Mekilo, Esquire
                              PA ID No. 312720
                              300 N. 2nd Street, Suite 801
                              Harrisburg, PA 17101
                              (267) 939-5832
                              ccoyle@babstcalland.com
                              smekilo@babstcalland.com
                              *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Casey Alan Coyle, certify that on this 1st day of July, 2025, I electronically filed the foregoing Defendants' Response in Opposition to Plaintiff's Emergency Motion for Preliminary Injunction using the Court's CM/ECF System, that all participants in this case are registered CM/ECF users, and that service will be accomplished by the CM/ECF System, in accordance with Rule 5.7 of the Local Rules of Court for the Middle District of Pennsylvania.

*/s/ Casey Alan Coyle*
Casey Alan Coyle, Esquire
*Counsel for Defendants*