

Lathrop GPM LLP
lathropgpm.com

675 15th Street
Suite 2650
Denver, CO 80202
Main: 720.931.3200

**Billy Jones**
billy.jones@lathropgpm.com
720.931.3212

April 20, 2026

**VIA CM/ECF**

Honorable Keli M. Neary
United States District Court Judge
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

Re:    *Koala Insulation Franchisor, LLC v. Lotus & The Rooster Holdings Co., et al.*
       Case No. 1:25-CV-1008 (M.D. Pa.)

Dear Judge Neary:

This letter is a response to the letter provided by Stefanie Pitcavage Mekilo on Friday, April 17, 2026 (the "Letter"). The Letter appears to raise additional complaints about revised and supplemented discovery responses of Plaintiff Koala Insulation Franchisor, LLC ("Koala").

Pursuant to a previous conference, this Court provided an Order specifying that Koala would provide (1) its initial disclosures; (2) revised responses to requests for production; and (3) supplemental production of documents by Thursday, April 16, 2026. Pursuant to that Order, Koala provided by April 16, 2026 its (1) initial disclosures; (2) revised responses for requests for production; and (3) supplemental production of documents. This production was made at 6:31 p.m. on April 16, 2026.

Less than one business *hour* later, at 9:22 a.m. the next morning, counsel for Defendants filed a letter complaining about the production that had occurred the evening before. Despite communications requesting conferral from the undersigned and Your Honor's preferences[1], no conferral on these issues occurred prior to this letter.[2]

In previous conferrals and in the previous conference with the Court, Defendants appears to suggest that Plaintiff's prior productions and responses had been too limited and did not fully and broadly produce responsive documents. Taking this to heart, Plaintiff went back and ran

---

[1] Judge Neary's Preferences, Motions, available at https://www.pamd.uscourts.gov/content/judge-keli-m-neary ("Judge Neary expects counsel to make all reasonable efforts to resolve discovery disputes without court involvement.").

[2] This approach by Defendants is consistent with their last letter to this Court dated March 27, 2026 wherein similar discovery disputes were raised with Your Honor without conferral approximately one day after mediation activities had concluded.

Judge Keli M. Neary
April 20, 2026
Page 2

searches across its entire domain broadly to capture and produce any responsive documentation from its system. This broad search, consistent with the requests made by Defendants (and discussed below), resulted in a significant amount of documentation, all of which had to be fully processed, de-duplicated and Bates labelled to ensure that it was produced with the metadata that Defendants had previously requested and insisted upon. This also involved re-processing and re-producing previous productions with the metadata requested by Defendants.

This broad production has involved the intake and processing of approximately 7 GB of data from the searches across Koala's entire domain which was completely processed and then produced by April 16, 2026 as Koala's supplemental production pursuant to the Order. Following processing and production, this means that Koala's entire production, including supplementation production on April 16th, is approximately 13,750 documents totaling around 47,000 pages of documentation.

Due to the broad requests for Defendants and Koala's searches for responsive documents on its system, there was an additional batch of approximately 5 GB which Koala was processing in preparation for the April 16th deadline. The sheer size of the production necessitated a processing time that was not going to be completed until April 17th. In good faith, the undersigned counsel contacted Defendants' counsel to inform them that additional documentation would be produced as soon as processed which would likely be April 17th. Following processing, this additional batch was searched for privileged documentation and subsequently produced to Defendants on April 17. This additional supplemental production, following processing and de-duplication across the entire production, included approximately 6,709 additional documents totaling around 26,715 pages of additional responsive documentation.

At this point, Koala has searched its entire system and provided a total amount of approximately 20,000 documents and approximately 70,000 pages of documentation in response to the requests for production by Defendants. While Koala recognizes that it still has continuing obligations to supplement production if additional responsive documents are located, Koala has completed its search and the production of responsive documents. Any additional supplementation, if appropriate, will be provided to Defendants promptly.

Defendants appear to raise several issues which will be addressed in turn:

- Defendants appear to complain that the written responses insufficiently describe the particular documents produced. In the revised responses to requests for production (the "Revised Responses"), Defendants appear to argue that Koala failed to identify by specific Bates number responsive documents. This is not what Koala provided. In the Revised Responses, Koala identified, by specific Bates number, specific responsive documents for each Request for Production for which Koala provided documents. These are the documents that Koala believes are responsive to the Requests. Nonetheless, Koala recognizes, given the volume

Judge Keli M. Neary
April 20, 2026
Page 3

of production and the broad request of Defendants, that additional documents that Defendants believe would be responsive may be contained in the large production set that was provided, and Koala noted that it is responses. This was not a document dump. Koala provided specific references to specific documents and also identified a data set that may also have additional responsive documents.

- Defendants' complaints about the larger production derive directly from the actual request that Defendants chose to make. Two examples are notable. Request 4 asks for ALL communications at Koala that relate to the Defendants or their Franchise Agreements, and Request 5 asks for ALL communications involving anyone at Koala and Defendants relating to Defendants or their Franchise Agreements. This is literally a request for any communications involving Defendants over several years operating as a Koala franchisee, as well as any communications refering to Defendants, in any way and in any context, over that same multiple year process and the full life cycle of Defendants' time as a Koala franchisee. In good faith, Defendants searched their entire system for references to Defendants and their Franchise Agreements, including communications involving Defendants and those that did not. Having asked for literally every communication made during Defendants' multi-year relationship with Koala, Defendants now appear to be complaining that the data requested is more than Defendants wanted. Defendants have searched for and produced the documents requested by Defendants. The fact that the Defendants requested a huge and broad swath of documentation is what has driven the size of the production.

- Defendants raise an issue that the interrogatories were not revised. Koala is only aware of two complaints relating to the interrogatories. First, several referred to initial disclosures, but those have been cured by providing the initial disclosures on April 16th. The only other complaint relates to a single response, and Koala stands by its original response. Koala remains happy to confer on these issues or any other unknown complaints about the Interrogatory responses.

- Defendants appear to raise issues about attorney-client privilege, work product and joint defense privilege. Koala has reviewed and continues to review documentation related to these privileges and Koala has produced a privilege log related to these items. Koala remains willing to confer on these privileges with respect to particular documents. Additionally, in the breadth of its search, Koala discovered that Defendants maintained multiple communications by and between Defendants and Defendants' counsel on Koala's system. In good faith, these items were produced as responsive, and the undersigned identified particular documents found so far by Bates number to opposing counsel to alert them to that issue and invite conferral, expecting that the application of privilege to those documents may be a disputed issue.

Judge Keli M. Neary
April 20, 2026
Page 4


        As Koala understands the request of Defendants, Defendants now seek to have a third party vendor appointed, at Koala's cost.  At this point, imposing a third party vendor would do nothing more than duplicate the same investigation, searches, processing, de-duplication of data, and the same voluminous production which has already been accomplished.  This is wasteful and likely to do nothing more than impose costs again that have already been incurred in the time and expenses spent to date on Koala searching for, processing and producing in excess of 70,000 pages of responsive documents.

        In addition, a new discovery vendor would be disproportional to this case as a whole.  At present, with the non-competition issues behind the parties in this proceeding, this is a contract case involving a few hundred thousand dollars in monetary damages, plus attorney's fees.  Defendants assert no claims here.  Defendants are pursuing multiple claims in the associated arbitration, and Defendants have now filed another lawsuit against a different party – Franchise Fast Lane – asserting claims there relating to Defendants' franchises.  The discovery requested and the responses provided, along with the substantial volume of documents requested by Defendants and produced by Koala is already disproportionate to the actual disputes at issue in this particular case.  If Defendants seek discovery for other claims in the arbitration, they can request broader discovery there (and Defendants have already served their requests in arbitration).  If Defendants seek discovery to aid their newly filed lawsuit against Franchise Fast Lane, they can avail themselves of the discovery in that case against Franchise Fast Lane as it progresses.

Plaintiff looks forward to discussing these issues in the status conference presently set with the Court on April 22nd.

Very truly yours,

LATHROP GPM, LLP

William F. Jones

WFJ/cls